IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHN FRANK BOCKELMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-cv-00086-SRB |
| JOSHUA DAVID HAWLEY, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff John Frank Bockelman's ("Plaintiff") *pro se* Response to Effectuate Service Upon All Defendants. (Doc. #5.) Upon review, the Court ORDERS that this case be DISMISSED.

On February 11, 2021, Plaintiff John Frank Bockelman ("Plaintiff") filed a *pro se* Complaint for Declaratory, Emergency, and Permanent Injunctive Relief. The Complaint raises grievances regarding the 2021 impeachment proceedings of former President Donald J. Trump. The named Defendants are United States Senators Joshua David Hawley, Charles Ellis Schumer, and Patrick Joseph Leahy (collectively, the "Defendants"). The Complaint states that each Defendant is being sued in their capacity as a United States Senator.

The Complaint alleges in part that the Chief Justice of the United States Supreme Court, John Roberts, was required to—but did not—preside over the impeachment trial. The Complaint seeks various forms of injunctive and declaratory relief, including: an order instructing Defendant Schumer "to decertify any actions of the trial thus far," "restricting any proceedings from continuing" until the Chief Justice replaces Defendant Leahy to officiate the proceedings, and a declaration that the United States Senate usurped the authority of the judicial branch. (Doc. #1, p. 13.)

In an Order filed June 7, 2021, the Court granted Plaintiff's motion for extension of time to effectuate service. (Doc. #4.) The Order stated in part that "Plaintiff shall effectuate service upon all Defendants within thirty (30) days from the date of this Order. No additional extensions of time will be granted." (Doc. #4, p. 1.)

On July 7, 2021, Plaintiff filed a response regarding his service of the Defendants. (Doc. #5.) Plaintiff states that he "initiated by U.S. Postal certified mailing to the Defendants on June 22, 2021. The documents were delivered to the appropriate Defendant's office mail on June 28, 2021." (Doc. #5, p. 2.) Plaintiff further states that a "U.S. Postal Service return signature required document is forecoming [sic] to Plaintiff's registered mail address," and that Plaintiff will file "document slips . . . when they arrive." (Doc. #5, p. 2.) Plaintiff also attached USPS tracking information which appears to show that he attempted to serve each Defendant via certified mail. The certified mail was sent to each Defendant in Washington, D.C. To date, no Defendant has appeared in this case and Plaintiff has not filed any return signature information.

Upon review, the Court finds that Plaintiff has not properly effected service on any Defendant. Federal Rule of Civil Procedure 4 governs service upon the United States, United States officers, and United States employees. In relevant part, Rule 4(i) provides that:

> **(1)** *United States.* To serve the United States, a party must:
>
> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

**(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

**(2)** *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

**(3)** *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Here, to the extent Plaintiff has sued Defendants in their official capacity, he has not shown proper service on the United States as required by Federal Rule of Civil Procedure 4(i)(1)-(2). To the extent Plaintiff has sued Defendants in their individual capacity, he has not shown proper service: (1) on the United States as required by Federal Rule of Civil Procedure 4(i)(3); and (2) on any Defendant under Federal Rule of Civil Procedure 4(e), (f), or (g).[1] Under these circumstances, this case will be dismissed for lack of timely and proper service.

Even if Plaintiff had properly effected service, upon review of the record, the Court finds this case should be dismissed for lack of a case or controversy. "Article III restricts federal courts to the resolution of cases and controversies." *Abdurrahman v. Dayton*, 903 F.3d 813, 817 (8th Cir. 2018) (citations and quotations omitted). "A plaintiff raising only a generally available

---

[1] Under Rule 4(e)(2), a party may effect service by "delivering a copy of the summons and of the complaint to the individual personally," by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age who resides there," or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Rule 4(e)(1) allows service to be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(2). In general, Missouri state law does not allow service by certified mail on individuals outside of the State. *See Johnson v. Clark*, No. 4:21-CV-39 RLW, 2021 WL 1546272, at *2 (E.D. Mo. Apr. 20, 2021) ("Missouri Supreme Court Rules generally do not allow for service of process by mail[.]"); Mo. R. Civ. P. 54.13; Mo. R. Civ. P. 54.14.

grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573 (1992).

Here, Plaintiff alleges an injury based on improper procedures and application of law regarding the impeachment trial. This alleged injury purports to seek "relief that no more directly and tangibly benefits him than it does the public at large." *Id.* As such, Plaintiff has not stated an Article III case or controversy. Moreover, because the impeachment proceedings have concluded, it further appears that this case is moot. *Abdurrahman*, 903 F.3d at 817 ("A case becomes moot—and therefore no longer a 'Case' or 'Controversy' . . . when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

Accordingly, and for the foregoing reasons, it is hereby ORDERED that this case is DISMISSED. The Clerk of Court shall mark this case as closed.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: July 16, 2021